UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sirrum<br>*pro per*<br><br>            Plaintiff,<br>            Petitioner<br><br>     v.<br><br>JOSEPH R. TOMKINSON and/or his successor, individually, and in his official capacity as CEO OF IMPAC FUNDING CORP dba IMPAC FUNDING GROUP<br>19500 Jamboree Rd<br>Irvine, CA 92612<br><br>BILL BECKMANN and/or his successor, Individually, and in his official capacity as PRES/CEO OF MERS<br>1901 East Voorhess, Ste. C<br>Danville, IL 61834<br><br>BRIAN T. MOYNIHAN, and/or his successor, individually, and in his official capacity as PRES/CEO OF BAC HOME LOANS SERVICING, LP,/ BANK OF AMERICA N.A., & RECONTRUST CO., subsidiary of BANK OF AMERICA<br>100 North Tryon Street<br>Charlotte, NC 28255<br><br>RECONTRUST COMPANY, fully owned by BANK OF AMERICA<br>2380 Performance Drive<br>Richardson, TX 75082 | No.  2:13-cv-00986 TLN-CMK<br><br>**ORDER** |

1

|   |   |
|---|---|
| 1 |  |
| 2 | SETH WAUGH and/or his successor, individually, and in his official capacity as PRES/CEO of DEUTSCHE BANK NATIONAL TRUST COMPANY |

SETH WAUGH and/or his successor,
individually, and in his official capacity as
PRES/CEO of DEUTSCHE BANK
NATIONAL TRUST COMPANY
1761 E. St. Andrews Place
Santa Ana, CA 92705

Does 1-2000, et al

        Defendants.

This matter comes before the Court on Plaintiff Sirrium's "Emergency Ex Parte Petition Emergency TRO" ("TRO Application"). (ECF No. 1.) Plaintiff Sirrium ("Plaintiff") appearing *pro per* asks the Court to stop her eviction scheduled for Wednesday May 22, 2013. Defendants appear to be companies Impac Funding Group, MERS, Bank of America N.A., Recontrust Co., and Deutsche Bank National Trust Co., and their chief executive officers, Joseph R. Tomkinson, Bill Beckmann, Brian T. Moynihan, and Seth Waugh.[1] Defendants have not had an opportunity to respond to this TRO Application filed less than 48 hours from Plaintiff's alleged eviction date.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), they are not immune from the Federal Rules of Civil Procedure. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995). To qualify for a temporary restraining order, the moving party must demonstrate (1) a probability of success on the merits and the possibility of irreparable harm, or (2) that the lawsuit raises serious questions and the balance of hardship tips sharply in the movant's favor. *See Hoopa Valley Tribe v. Christie*, 812 F.2d 1097, 1102 (9th Cir. 1986); *Regents of Univ. of Cal. v. American Broadcasting Companies, Inc.*, 747 F.2d 511, 515 (9th Cir. 1984); *see also* Fed. R. Civ. P. 65.

The Eastern District of California Local Rules impose additional requirements for a temporary restraining order. Under Local Rule 231(b) "[i]n considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute

---

[1] It is not clear whether Plaintiff means to sue the companies only, their CEOs or both, but for purposes of this Order, this Court will construe the pleadings liberally where the petitioner is appearing pro se. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

relief by motion for temporary restraining order.  Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground." E.D. Cal. L. R. 231(b); *see also Lamon v. Pliler*, No. CIVS03-0423FCD-CMK-P, 2006 WL 120088, at *2 (E.D. Cal. Jan. 12, 2006) (recommending injunctive relief be denied), *injunctive relief denied as moot and report adopted by* 2006 WL 2583277 (E.D. Cal. Sept. 6, 2006).

The Court has considered the TRO Application and the supporting documentation.  The Court denies the TRO Application.  First, Plaintiff fails to show any likelihood of success on the merits.  *See Winters v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that [s]he is likely to succeed on the merits. . . ."). Plaintiff's TRO Application only states that "[a]ll of the allegations and beliefs are well founded and well supported with evidence.  The crimes and violations involved in this case are supported by clear merits and foundation when analyzed by an unbiased professional such as a judge.  All of the claims can be proven to be with strong merits." (ECF No. 1, 20:16-20.) However, the TRO Application is largely incomprehensible, consisting of long excerpts of exhibits, news articles, and legal documents from other cases.  At best, the TRO Application appears to allege that the Defendants' had no legal right to transfer or assign her mortgage to anyone, and alleges that Defendants and other third party individuals violated various laws in doing so.  However, Plaintiff's claims for relief, even if true, do not explain how these violations led to the allegedly improper foreclosure sale of Plaintiff's property and eviction.

Moreover, Plaintiff provides no explanation as to why she waited to file this TRO Application on the eve of eviction.  Several documents attached to Plaintiff's TRO Application indicate that she has had ample time to mount a legal challenge to Defendants' loan and foreclosure practices:

- In a letter from Bank of America dated August 20, 2012, Bank of America informs Plaintiff that her loan was referred to foreclosure on March 25, 2011, and the property went into foreclosure sale on February 17, 2012.  (ECF No. 1, 60.)

- A "Notice of Default and Election to Sell Under Deed of Trust," recorded date of April 4, 2011. (ECF No. 1, 75-77.)
- A "Notice of Trustee's Sale" to take place on July 27, 2011, recorded date of July 5, 2011. (ECF. No. 1, 79-80.)
- A "Trustee's Deed Upon Sale" reading that the trustee sold real property at a public action on February 17, 2012, recorded date of March 13, 2012. (ECF No. 1, 92-94.)
- Plaintiff also sent several letters to Defendants and other third parties regarding this property on January 6, 2013. (ECF No. 1, 96-108.)

In light of the above, the Court concludes that Plaintiff's unexplained delay in bringing her TRO Application constitutes laches, she has unreasonably delayed in seeking injunctive relief, and her actions contradict the allegations of irreparable injury.

For the reasons set forth above, Plaintiff's Application for a Temporary Restraining Order is DENIED.

**IT IS SO ORDERED.**

**Dated:** May 21, 2013

Troy L. Nunley
United States District Judge

4