1

2

3

4

5

6

7

8    **IN THE UNITED STATES DISTRICT COURT**

9    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   SIRRIUM,[1]                                    No. 2:13-cv-0986-TLN-CMK

12              Plaintiff,

13        vs.                                        FINDING S AND RECOMMENDATIONS

14   JOSEPH R. TOMKINSON, et al.,

15              Defendants.
                                          /
16

17        Plaintiff, proceeding pro se, brings this civil action.  Pending before the court is

     plaintiff's complaint (Doc. 1).  The court is required to screen complaints brought by prisoners
18
     seeking relief against a governmental entity or officer or employee of a governmental entity.  See
19
     28 U.S.C. § 1915A(a).  The court is also required to screen complaints brought by litigants who
20
     have been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under these
21
     screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous
22
     or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary
23
     relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B)
24

25

26        [1]   Plaintiff is an individual.  See Compl. at 1.  None of the documents filed by
     plaintiff in this case reflect plaintiff's surname.

1

1    and 1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court

2    must dismiss an action if the court determined that it lacks subject matter jurisdiction.  Because

3    plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court

4    will screen the complaint pursuant to § 1915(e)(2).

## I.  PLAINTIFF'S COMPLAINT

6            Plaintiff brings this action to challenge the foreclosure of her home.  She sets forth

7    six specific claims, including fraudulent concealment, breach of contract, violation of the

8    Uniform Electronic Transaction Act, California Civil Code §§ 1633.1-1633.17, slander,

9    fraudulent conveyance, and tax fraud.  Plaintiff's complaint is somewhat vague, but it appears

10   that her underlying contention is that the defendants transferred or assigned her mortgage which

11   they had no legal right to do, and that such a transfer or assignment was done in a bundling

12   scheme.  The defendants to this action include Joseph R. Tomkinson, CEO of Impac Funding

13   Corporation, Bill Beckmann, Present and CEO of MERS, Brian T. Moynihan, Present and CEO

14   of Bank of America Home Loans Servicing, LP, Recontrust Company, and Seth Waugh,

15   President and CEO of Deutsche Bank National Trust Company.

## II.  DISCUSSION

17           This is plaintiff's second attempt to challenge the foreclosure of her home.  In

18   2012, plaintiff filed her first action in case number 2:12cv0543-LKK-CMK.[2]  In the 2012 action,

19   plaintiff filed a complaint against Bank of America, Impac Funding Corporation, Deutsche Bank

20   National Trust Company, Countrywide Home Loans, Inc., and Mortgage Electronic Registration

21   Systems, Inc., alleging a variety of claims including violations of the Truth in Lending Act, the

22   Real Estate Settlement Procedures Act, California's Rosenthal Act, RICO, wrongful foreclosure,

23

24        [2]     The court may take judicial notice pursuant to Federal Rule of Evidence 201 of
     matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).
25   Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp.
     of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S.,
26   378 F.2d 906, 909 (9th Cir. 1967).

1    and fraud.  Plaintiff's first two complaints in that action were dismissed on screening for failure

2    to state a claim, but plaintiff was provided an opportunity to amend the complaint in order to cure

3    the defects on some of the claims therein.  On November 14, 2012, plaintiff filed her second

4    amended complaint.  Prior to the court screening this complaint, the defendants filed a motion to

5    dismiss.  On March 29, 2013, the defendants' motion to dismiss was granted, with no further

6    leave to amend, and the action was dismissed with prejudice.

7              Two months later, plaintiff filed the instant action also challenging the foreclosure

8    of her home.  However, instead of the corporate defendants named in the prior case, plaintiff has

9    named the individual presidents and CEOs of the corporations named in her prior action.  The

10   claims raised in this action differ to some degree, but the underlying challenge in both cases

11   remain the same: the defendants violated plaintiff's rights in relation to the mortgage and

12   foreclosure of her home.  The claims raised in the instant case include fraudulent concealment,

13   breach of contract, slander, fraudulent conveyance, and tax fraud.  The relief plaintiff is

14   requesting is to have the foreclosure set aside.

15             Two related doctrines of preclusion are grouped under the term "res judicata."

16   See Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. 2161, 2171 (2008).  One of these doctrines –

17   claim preclusion – forecloses "successive litigation of the very same claim, whether or not

18   relitigation of the claim raises the same issues as the earlier suit."  Id.  Stated another way,

19   "[c]laim preclusion. . . bars any subsequent suit on claims that were raised or could have been

20   raised in a prior action."  Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th

21   Cir. 2009).  "Newly articulated claims based on the same nucleus of facts are also subject to a

22   res judicata finding if the claims could have been brought in the earlier action."  Stewart v. U.S.

23   Bancorp, 297 F.3d 953, 956 (9th Cir. 2002).  Thus, claim preclusion prevents a plaintiff from

24   later presenting any legal theories arising from the "same transactional nucleus of facts."  Hells

25   Canyon Preservation Council v. U.S. Forest Service, 403 F.3d 683, 686 n.2 (9th Cir. 2005).

26   / / /

1    The party seeking to apply claim preclusion bears the burden of establishing the

2  following: (1) an identity of claims; (2) the existence of a final judgment on the merits; and

3  (3) identity or privity of the parties.  See Cell Therapeutics, 586 F.3d at 1212; see also

4  Headwaters, Inc. v. U.S. Forest Service, 399 F.3d 1047, 1052 (9th Cir. 2005).  Determining

5  whether there is an identity of claims involves consideration of four factors: (1) whether the two

6  suits arise out of the same transactional nucleus of facts; (2) whether rights or interests

7  established in the prior judgment would be destroyed or impaired by prosecution of the second

8  action; (3) whether the two suits involve infringement of the same right; and (4) whether

9  substantially the same evidence is presented in the two actions.  See ProShipLine, Inc. v. Aspen

10  Infrastructure Ltd., 609 F.3d 960, 968 (9th Cir. 2010).  Reliance on the first factor is especially

11  appropriate because the factor is "outcome determinative."  Id. (quoting Mpoyo v. Litton Electro-

12  Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005)).  As to privity of the parties, "privity . . . [arises]

13  from a limited number of legal relationships in which two parties have identical or transferred

14  rights with respect to a particular legal interest."  Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d

15  1047, 1053 (9th Cir. 2005).

16    Usually, a defendant relying on res judicata or collateral estoppel as a defense

17  must plead it as an affirmative defense.  Blonder–Tongue Laboratories, Inc. v. University of Ill.

18  Found., 402 U.S. 313, 350 (1971).  However, "if a court is on notice that it has previously

19  decided the issue presented, the court may dismiss the action sua sponte, even though the defense

20  has not been raised," Arizona v. California, 530 U.S. 392, 416 (2000), provided that the parties

21  have an opportunity to be heard prior to dismissal, Headwaters, Inc., 399 F.3d at 1055.  "As a

22  general matter, a court may, sua sponte, dismiss a case on preclusion grounds 'where the records

23  of that court show that a previous action covering the same subject matter and parties had been

24  dismissed.' "  Id. at 1054-55 (quoting Evarts v. W. Metal Finishing Co., 253 F.2d 637, 639 n. 1

25  (9th Cir.1958)).

26  / / /

4

1          Here, the undersigned finds collateral estoppel applies.  As set forth above, this is

2    plaintiff's second action challenging the foreclosure of her home.  The prior case was dismissed

3    with prejudice, constituting a final judgment on the merits.  The parties are identical, or in privy,

4    as the named individuals in this action are the presidents and/or CEOs of the corporations named

5    in the prior action.  The allegations alleged in the complaint in this case do not specify any wrong

6    doing by the individuals named, so it appears the alleged wrongs plaintiff complains about are

7    based on the actions of the companies in general not actually the individual officers.  Naming the

8    individuals appears to simply be plaintiff's attempt to avoid the duplication of parties.

9          Finally, the claims alleged in this case arise out of the same transactional nucleus

10   of facts, namely the mortgage on plaintiff's property and the foreclosure thereon.  Specifically, in

11   the prior action plaintiff identifies the 2007 refinancing and deed of trust, the 2011 notice of

12   default and trustee sale, the original grant deed recorded in 1993 and re-recorded in 2012.

13   Similarly, in this action plaintiff identifies the same 2007 refinancing and deed of trust, the 2011

14   notice of default and trustee sale, and the 1993/2012 recordings of the grant deed.  While the

15   claims raised in the two actions differ in theory only, the underlying facts remain the same and

16   relate to the alleged infringement of the same rights, namely the way plaintiff was treated during

17   the refinancing and foreclosure of her home.  This second action is simply plaintiff's attempt to

18   re-litigate claims that were, or could have been, brought in the prior action.  In addition,

19   substantially the same evidence would be presented in the two actions, including the 2007

20   refinancing documents and deed of trust, and the 2011 notice of default, foreclosure and trustee

21   sale documentation.

22          Therefore, the undersigned finds this second action to be barred under res

23   judicata.  Plaintiff will have an opportunity to be heard and to address this issue in any objections

24   to these findings and recommendation she files.

25   / / /

26   / / /

5

1    In addition, the undersigned finds the claims raised in the complaint in this case

2 suffer from the same lack of factual assertions that plagued plaintiff's prior action.  Plaintiff

3 spends a majority of the complaint setting forth a diatribe relating to the way the defendants

4 conduct business.  These complaints range from "robo signing" of a notary public, to the

5 securitization of the mortgages.  She does not, however, provide any specific detail on how she

6 was allegedly defrauded by the defendants to support a claim of fraudulent concealment and/or

7 conveyance, nor how the defendants breached their contract and slandered her.  These same type

8 of conclusory allegations were found to be insufficient to state a claim in her prior action, and she

9 was provided several opportunities to cure those defects.  Having the same defects present in the

10 current action leads the undersigned to find she is either unable or unwilling to make sufficient

11 factual allegations to support her claims.

### IV.  CONCLUSION

13    The undersigned finds this action to be barred by res judicata and subject to

14 summary dismissal.  Plaintiff may be heard on this issue by filing objections to these findings

15 and recommendation.  If plaintiff files objections to these findings and recommendations

16 addressing the res judicata issue, she will also be required to address the lack of factual

17 allegations sufficient to state a claim if any leave to amend is to be considered.

18    However, it does not appear possible that the deficiencies identified herein can be

19 cured by amending the complaint.  Therefore, plaintiff is not entitled to leave to amend at this

20 time.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

21    Based on the foregoing, the undersigned recommends that this action be dismissed

22 as barred by res judicata and failure to state a claim.

23    These findings and recommendations are submitted to the United States District

24 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

25 after being served with these findings and recommendations, any party may file written

26 objections with the court.  Responses to objections shall be filed within 14 days after service of

1   objections.  Failure to file objections within the specified time may waive the right to appeal.

2   See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3

4    DATED: October 27, 2015

5                                                        _____

6                                                        **CRAIG M. KELLISON**
                                                         UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26